WILLIAM D. KELLY v. JAMES A. BRONSON.[1]

July 24, 1908.

Nos. 15,749—(193).

Action in the district court for Ramsey county to recover $200, the value of medical services rendered plaintiff and $200 the amount that defendant agreed to pay plaintiff for his services as an expert witness for defendant. The case was tried before Bunn, J., and a jury which rendered a verdict of $25 in favor of plaintiff on the first cause of action, and a verdict of $200 on the second cause of action. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Franklin H. Griggs*, for appellant.

*Thos. C. Daggett*, for respondent.

PER CURIAM.

Plaintiff, a physician, sought in this action against defendant, a successful plaintiff in a personal injury action, to recover judgment for $200 in quantum meruit for medical attendance, and $200 as the agreed price of his services as a medical expert.

The gist of defendant's argument upon this appeal is that the verdict of the jury for the plaintiff in the full amount was not justified by the evidence. For the assignment of error based upon alleged error in the charge, upon final analysis, resolves itself into this proposition: "With the evidence in the condition that it was, the trial court ought not to have permitted or required the jury to determine whether [the attorney for the present defendant when he was plaintiff in the personal injury suit] made any contract for [his client] as to the amount of his expert witness fees." An examination of the record shows that while the plaintiff's own testimony tended clearly to establish his right to full recovery, that of his own witness as to the making of the contract, may not standing by itself have been sufficient to show an agreement as to expert services between the parties hereto. But the issue whether the testimony showed a contract between the present plaintiff and counsel for the present defendant when he was plaintiff in the personal injury suit, or a contract between present plaintiff and present defendant, was fully and fairly litigated. Within the familiar rule on this subject, we have concluded the evidence was sufficient to justify the charge and support the verdict.

Affirmed.

[1] Reported in 117 N. W. 1125.